IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY L. ELIAS,

        Plaintiff,

v.                                                                                   Civil Action No. 3:07-CV-43
                                                                                    (Judge Bailey)

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

### I. Introduction

A.    Background

Plaintiff, Gregory L. Elias, (Claimant), filed his application for award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on November 16, 2007.[1] Claimant resubmitted his application for award of attorney fees on January 24, 2008, modifying the amount sought.[2] On February 6, 2008, Commissioner filed a response to the application.[3] Claimant filed a reply to Commissioner's brief on February 20, 2008.[4] A hearing was held before this Court on March 3, 2008.

---

[1] Docket No. 12

[2] Docket No. 17

[3] Docket No. 19

[4] Docket No. 20

B.  The Motion

Claimant's application for award of attorney's fees under the Equal Access to Justice Act.

C.  Recommendation and Order

I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED** because Commissioner was substantially justified in defending the ALJ's dismissal of Mr. Pearl's opinion and because the Court adopted Commissioner's position regarding the ALJ's erroneous omission.

## II. Facts

Claimant filed his complaint on April 17, 2007, seeking judicial review pursuant to 42 U.S.C. § 1383(c)(3) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[5] Commissioner filed his answer on June 20, 2007.[6] Claimant filed his motion for summary judgment on July 20, 2007.[7] Commissioner filed his motion for summary judgment on August 20, 2007.[8] Claimant replied to Commissioner's motion on August 28, 2007.[9] This Court entered a report and recommendation on October 17, 2007 recommending that the action be remanded to the Commissioner for further consideration of Mr. Pearl's reports

---

[5] Docket No. 1

[6] Docket No. 5

[7] Docket No. 8

[8] Docket No. 9

[9] Docket No. 10

and opinions.[10] On January 22, 2008, the Honorable John P. Bailey, U.S. District Judge, entered an order accepting and adopting the report and recommendation in its entirety.[11]

### III. Claimant's Application for Award of Attorney's Fees

A.   <u>Contentions of the Parties</u>

Claimant contends he is entitled to attorney's fees because the Commissioner's defense of the ALJ's dismissal of Mr. Pearl's opinion was not substantially justified. Claimant additionally contends he is entitled to attorney's fees because he prevailed on the issue of the ALJ's erroneous omission, namely the ALJ's failure to list "status-post knee surgery" as a severe impairment in his Findings despite having previously identified it as a severe impairment.

Commissioner contends his position concerning Mr. Pearl was substantially justified. Commissioner further contends Claimant should not be awarded attorney's fees in connection with the issue of the ALJ's erroneous omission because Commissioner prevailed on that issue.

B.   <u>The Standards</u>

1.   <u>EAJA Fees to Prevailing Party</u>. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).

2.   <u>General Eligibility Requirements</u>. In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and

---

[10] Docket No. 11

[11] Docket No. 16

3

(4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; Crawford, 935 F.2d at 656.

3. Substantial Justification - Definition. Substantial justification means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified. Pierce v. Underwood, 487 U.S. 552, 565-69 (1988). The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits. Crawford v. Sullivan, 935 F.2d at 657. Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce, 487 U.S. at 565.

4. Substantial justification - Burden of Proof. In the district court, the government has the burden of showing substantial justification. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

5. Substantial justification - Independent Determination by the Court. While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position. Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. Substantial justification - Law and Fact. The government's position must be substantially justified in both fact and law. Pierce, 487 U.S. at 565; Crawford, 935 F.2d at 656. An accurate recital of law by the government cannot excuse a substantially unjustified position on the facts. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that

4

could cause pain).

7. <u>Substantial justification - Disputed Facts</u>. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. <u>Thompson</u>, 980 F.2d at 282.

8. <u>Substantial justification- Arguably Defensible Administrative Record</u>. A position based on an arguably defensible administrative record is substantially justified. <u>Crawford</u>, 935 F.2d at 658. Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. <u>Sigman v. U.S. Dep't. of Health and Human Servs.</u>, 961 F.2d 211 (4th Cir. 1992) (unpublished).

9. <u>Substantial justification - Government Ignores the Law</u>. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. <u>Hyatt v. Heckler</u>, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. <u>Id.</u> at 382. A policy of non-acquiescence cannot be substantially justified. <u>Thompson</u>, 980 F.2d at 283.

10. <u>No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded</u>. Commissioner is not automatically liable for attorney's fees every time he loses a case. <u>Crawford</u>, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." <u>Id.</u> (citing <u>Tyler Business Services, Inc. v. NLRB</u>, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified. <u>Cook v.

Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. <u>Substantial Justification versus Substantial Evidence</u>. The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. <u>Evans v. Sullivan</u>, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). <u>Cook</u>, 935 F.2d at 1285. While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." <u>Id.</u>

12. <u>Final Judgment - Timely Filing of Application</u>. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

14. <u>Final Judgment - Prevailing Party - Generally</u>. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

15. <u>Final Judgment - Sentence Four Remand - When the Filing Period Begins</u>. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is

60 days. Fed. R. App. P. 4.

16. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. <u>May v. Sullivan</u>, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. <u>Payne v. Sullivan</u>, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. <u>Crawford</u>, 935 F.2d at 656.

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court he succeeded on a significant issue in the litigation which achieved some of the benefit he sought in bringing the suit. <u>Hensley</u>, 461 U.S. at 433.

### 2. Timely Filing

The district court entered its order accepting and adopting the Undersigned's report and

recommendation on January 22, 2008. Commissioner therefore had until March 22, 2008 to file an appeal. Fed. R. App. P. 4. The thirty day period under EAJA began to run after that date when Commissioner did not appeal. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Claimant filed his original application for attorneys' fees on November 16, 2007, along with an itemized statement detailing counsel's work. Claimant filed his supplemental application for attorney's fees on January 30, 2008. Claimant's application for attorney's fees was filed before the thirty days after the period for appealing the judgment had run; therefore, the motion was timely filed.

### 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

The issue is whether Commissioner's defense of the ALJ's dismissal of Mr. Pearl's opinions was substantially justified, and whether Claimant should be awarded attorney's fees in connection with the issue of the ALJ's erroneous omission. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. Commissioner maintains that he relied on a defensible administrative record in this case.

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce, 487 U.S. at 565).

8

In this case, the Court concludes the Commissioner's position in defense of the ALJ's dismissal of Mr. Pearl's opinions <u>was</u> substantially justified. While the Court found the ALJ improperly dismissed Mr. Pearl's opinions as being inconsistent with the entire medical record, Commissioner was substantially justified in arguing the ALJ had reasonably dismissed Mr. Pearl's opinions. Specifically, Dr. Rush concluded Claimant's depression was in partial remission and assigned Claimant a GAF of 65. (Tr. 288). Similarly, although Dr. Coder opined in March and September 2003 Claimant was not ready to return to work, Dr. Coder assigned Claimant a GAF of 55 in December 2005 which suggested Claimant was improving. (Tr. 311, 364, 549). The Court's decision to remand the case for consideration of Mr. Pearl's opinions is not tantamount to finding Commissioner was not substantially justified in arguing as he did.

Regarding Claimant's contention he should be awarded fees for having prevailed on the issue of the ALJ's erroneous omission, the Court disagrees with Claimant. While the Court did find the ALJ erred by failing to list "status-post knee injury" in his Findings, the Court ultimately adopted Commissioner's position that the error was harmless. Accordingly, there was no "unreasonable behavior" on Commissioner's part requiring penalization. See <u>Pullen v. Brown</u>, 820 F.2d 105, 107 (4th Cir. 1987) [explaining EAJA aims to "penalize unreasonable behavior on the part of the government without impairing the vigor and flexibility of its litigation of its litigation position."].

Accordingly, it is recommended Claimant's petition for an award of attorney's fees be denied.

### IV. Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's

9

fees under the Equal Access to Justice Act be **<u>DENIED</u>** because Commissioner was substantially justified in defending the ALJ's dismissal of Mr. Pearl's opinion and because the Court adopted Commissioner's position regarding the ALJ's erroneous omission.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after the date of this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: March 11, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE