**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

GREGORY L. ELIAS,

    Plaintiff,

v.                                                              Civil Action No.    3:07CV43
                                                                   (BAILEY)

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S
APPLICATION FOR AWARD OF ATTORNEY FEES**

I.     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Doc. 23), and the corresponding Objections (Doc. 24), Response (Doc. 25), and Reply (Doc. 26). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections to the proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report

and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 23)** should be, and is, **ORDERED ADOPTED.**

II.    Factual & Procedural History

The relevant factual and procedural history regarding the Plaintiff's Application for Award of Attorney Fees (Doc. 12, 17, 18) are as follows. On April 17, 2007, the plaintiff filed his complaint seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 1383(c)(3). By standing order of the Court, this case was referred to the United States Magistrate Judge James E. Seibert for proposed findings of fact and a recommended disposition. By Order dated January 22, 2008 (Doc. 16), the Court adopted the Magistrate Judge's Report and Recommendation (Doc. 12), finding that remand was warranted to allow further consideration of the Dr. Pearl's opinions by the Commissioner.

In light of this disposition, on November 16, 2007, the plaintiff filed his Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Doc. 12). Thereafter, on January 24, 2008, the plaintiff resubmitted his Application (Doc. 17, 18), modifying the amount sought. In support, plaintiff contends that the award of fees is justified because the Commissioner's defense of the Administrative Law Judge's (ALJ) dismissal of Dr. Pearl's opinion was not supported by substantial evidence. In addition, the plaintiff asserts that he is entitled to the award because the Commissioner's defense of the ALJ's omission of plaintiff's "status-post knee surgery" as a severe impairment was not substantially justified and was unreasonable. In response, the Commissioner contends that his position

regarding the treatment of Dr. Pearl's opinions was substantially justified. Moreover, the Commissioner argues that his position with regard to the ALJ's erroneous omission was both substantially justified and reasonable, as evidenced by his ultimate success on the issue.

Upon consideration, the Magistrate Judge recommended that the Plaintiff's Application for Fees Under the Equal Access to Justice Act be denied, as the Commissioner was substantially justified in defending the ALJ's dismissal of Dr. Pearl's opinion and because the plaintiff did not prevail on the issue of the erroneous omission. In response, the plaintiff reaffirms his preceding arguments, and further avers that the Commissioner's defense of the ALJ's treatment of Dr. Pearl's opinions was unreasonable. In addition, plaintiff contends that the Commissioner's position with regard to Dr. Pearl clearly violated the treating physician rule and therefore, cannot be considered substantially justified. As a final matter, the plaintiff contends that the Commissioner supplied a post-hoc rationale for the discounting of Dr. Pearl's opinions, and that, the Commissioner's position was not substantially justified as evidenced by the argument that plaintiff's counsel over-billed for the case.

III. Legal Standards

As properly noted by the Magistrate Judge, four elements must be met in order to establish eligibility for an award of attorney's fees under the Equal Access to Justice Act: (1) the claimant is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; **Crawford v. Sullivan**, 935 F.2d 655, 656 (4th Cir. 1991). In regard to the second element, the United

States Supreme Court has held that substantial justification means justified in substance or in the mains rather than justified to a high degree. **Pierce v. Underwood**, 935 F.2d 522, 565-69 (1988). Significantly, substantial justification requires at a minimum "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." **Id.**

Furthermore, concerning the burden of proof, it is the government and not the claimant, that has the burden of showing substantial justification. **Lively v. Bowen**, 858 F.2d 177, 180 (4th Cir. 1988). Nevertheless, the question of whether the record demonstrates substantial justification for a litigation position is one accorded to the sound discretion of the district court. **Campbell v. Brown**, 800 F.2d 1247, 1249 (4th Cir. 1986); **May v. Sullivan**, 936 F.2d 176, 177 (4th Cir. 1991). In aiding this determination, the case law is clear that a litigation position based on an arguably defensible administrative record is substantially justified. **Crawford**, 935 F.2d at 658. In addition, the Court notes that there is no "presumption that the government position was not substantially justified, simply because it lost the case." **Crawford v. Sullivan**, 935 F.2d 655, 656 (4th Cir. 1991) (citing **Tyler Business Services, Inc. v. NLRB**, 695 F.2d 73, 75 (4th Cir. 1982)).

V.  Discussion

Turning to the case at bar, the Court finds that the Commissioner was substantially justified in defending the ALJ's dismissal of Dr. Pearl's opinion and the treatment of the ALJ's erroneous omission. Initially, plaintiff's argument, that the Commissioner's decision to defend the ALJ's erroneous omission as harmless error was not substantially justified, is without merit. In examining the facts of this case, it is clear that while the ALJ did fail to list plaintiff's "status-post knee surgery" as a severe impairment, the ALJ did not fail to

consider the limitations stemming from this impairment and included them in his residual functional capacity assessment. Moreover, as noted by the Magistrate Judge, the Commissioner ultimately prevailed on the issue, and therefore, it cannot be said that the Commissioner's position was either unreasonable or not substantially justified.

Similarly, claimant's contention that the Commissioner's decision to defend the ALJ's treatment of Dr. Peal's opinions must also fail. While the plaintiff puts forth a number of creative arguments in favor of relief, the above standards and the requirements for eligibility are clear. Here, the Court finds that the Commissioner was substantially justified, though ultimately unsuccessful, in arguing that the ALJ had reasonably dismissed the opinions of Dr. Pearl. To be sure, the Court notes that Dr. Rush concluded that the claimant's depression was in partial remission and assigned a GAF of 65. (Tr. 288). Additionally, Dr. Coger, though noting that claimant was unable to return to work, assigned the claimant a GAF of 55, suggesting some improvement. (Tr. 311, 364 549). In recognition fo the above, the Court notes that it is the arguably defensible administrative record, and not any post-hoc rationales, that serves as the basis for the Court's decision. *See Crawford*, 935 F.2d at 658. In short, and in light of the record, it simply cannot be said that the Commissioner's position was unreasonable or devoid of substantial justification.

VI. Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 23)** is **ORDERED ADOPTED**; and

2. That the **Plaintiff's Application for Award of Attorney's Fees (Doc. 12, 17, 18)** is **DENIED**;

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: June 30, 2008.

*[Signature]*

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE